## REDDIN v. DUNN ET AL.

FACT CASE.
The conclusions of this court on the facts coinciding with the judgment
of the court of appeals, it is affirmed. See *Reddin v. Dunn*, 2 Colo.
App. 518.

*Appeal from the Court of Appeals.*

Mr. J. H. REDDIN, for appellant.

Messrs. SULLIVAN & MAY, for appellee.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

This action was brought by Mrs. Sarah Dunn to obtain a
decree declaring void a deed of conveyance of certain land

adjoining the town site of Yuma, Colorado, from herself, as grantor, to one James W. Brown, as grantee, on the ground that the same was procured from her by fraud; and also to have declared void two other deeds of conveyance of the same property,—one from Brown to John H. Reddin, and another from the latter to William G. Reddin, his brother, on the ground that these two latter deeds were taken with full knowledge by the grantees of the fraud perpetrated upon the plaintiff.

The defendants may be grouped in two classes: *First*, those directly committing the frauds complained of; *second*, those not participating therein, but who took this property with full knowledge of the fraud. With the first class we have no concern, as they do not question the correctness of the decree of the trial court which was against them.

The trial court found all the issues of fact in favor of plaintiff against both classes of defendants, and entered a decree declaring void all three of these deeds, and removing from plaintiff's title the cloud created by these deeds, which were recorded. Of all the defendants, William G. Reddin only appealed from the judgment of the district court; and upon a review of the case by the court of appeals, the decree of the trial court was affirmed. From this judgment of affirmance William G. Reddin prosecutes his appeal here.

For a full statement of the facts, as well as for a caustic review of the conduct of the defendants, we refer to the reported case at page 518 of the 2d Colorado Court of Appeals Reports. As a statement of the case is there set forth at length, and as our conclusions coincide with the judgment of the court of appeals, we deem it an unnecessary consumption of time and an unwarranted occupation of space in our reports to detail and review the evidence here. It is sufficient to say that it convinces us beyond any doubt, as it did the trial court and the court of appeals, that a gross fraud was perpetrated upon the plaintiff, which was the inducement for her execution of the deed to Brown, for which she received no consideration. There is also evidence, which the

trial court held sufficient, that John H. Reddin, Brown's grantee, before and at the time he received his deed, knew that Brown's title was worthless, and had knowledge of facts bearing upon the title which should have put a prudent man upon inquiry, the result of which, had the inquiry been properly pursued, should have satisfied him that frauds had been practiced upon Mrs. Dunn. In other words, he had both actual and constructive notice of the nonvalidity of the title he purchased.

The appellant, William G. Reddin, in the light of the evidence, must be regarded, as tersely said by the learned judge who wrote the opinion of the court of appeals, as "a passive convenience in the hands of his brother." In no sense can he be regarded as a purchaser without notice, for but few, if any, of the essential elements of that relation exist in his case. Such being the situation of the appellant, the decree against him was right, and accordingly the judgment of the court of appeals should be affirmed.

*Affirmed.*